UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL CORKER,

    Plaintiff,

v.  Case No. 4:19cv484-AW-HTC

WALTER MCNEIL,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a second amended complaint in this action on March 6, 2020, alleging he was falsely imprisoned without probable cause in violation of the Fourth and Fourteenth Amendments. ECF Doc. 14. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon screening the amended complaint under 28 U.S.C. § 1915(e)(2), and for the reasons set forth herein, the undersigned respectfully recommends that this action be dismissed because Plaintiff (1) fails to state a claim on which relief may be granted and (2) seeks monetary relief against a defendant who is immune from such relief.[1]

---

[1] The Court notes that, since July 2019, Plaintiff has initiated six (6) cases in this Court and that, since the filing of this action, Plaintiff has received his third strike, which precludes him from

**I.      PROCEDURAL BACKGROUND**

On September 25, 2019, Plaintiff, a former inmate of the Florida Department of Corrections ("FDOC")[2] initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983.[3] ECF Doc. 1. Plaintiff's complaint was not on this Court's required form. Thus, on October 3, 2019, the Court directed the clerk to send Plaintiff the correct form and ordered Plaintiff to file an amended complaint on the correct form within thirty (30) days. ECF Doc. 3. Plaintiff filed his first amended complaint on October 24, 2019. ECF Doc. 4.

After reviewing Plaintiff's first amended complaint under 28 U.S.C. § 1915(e)(2), the Court found the amended complaint to be deficient. Namely, the Court found that (1) to the extent Plaintiff was challenging the validity of his probation arising from his prior conviction or sentence, such a claim was barred by *Heck v. Humphrey*[4] and (2) to the extent Plaintiff was seeking to file a habeas

---

filing any additional civil rights actions under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g), except under limited circumstances.

[2] At the time of filing his initial complaint, Plaintiff was confined at Leon County Detention Facility in Tallahassee, Florida. *See* ECF Doc. 1. However, Plaintiff was released at some point before filing his second amended complaint, and he now resides in Miami, Florida. *See* ECF Docs. 9, 14.

[3] Although the title of Plaintiff's initial complaint (ECF Doc. 1) included references to both 42 U.S.C. § 1983 and Federal Habeas Corpus, he (1) identified this Court's jurisdiction as arising under 42 U.S.C. § 1983 and (2) sought monetary relief rather than to vacate a sentence or judgment of conviction. Thus, the Court treated Plaintiff's initial complaint as one seeking relief under 42 U.S.C. § 1983, rather than as a habeas petition.

[4] The facts alleged in Plaintiff's first amended complaint vary greatly from the facts alleged here, and Plaintiff is reminded that his complaints are submitted to this Court under penalty of perjury. In Plaintiff's first amended complaint, he alleged that he was arrested and booked in Miami-Dade and that the presiding judge ordered the state attorney to quash the warrant for lack of probable

Case No. 4:19cv484-AW-HTC

petition, he had already done so in a separately docketed action and could not maintain two such actions at one time. ECF Doc. 7. However, because Plaintiff was and is proceeding *pro se*, the Court gave him an opportunity to file a second amended complaint, which Plaintiff did on March 6. ECF Doc. 14.

## II.   THE SECOND AMENDED COMPLAINT

Plaintiff's second amended complaint names five (5) defendants: Leon County Circuit Judge Francis Allman, Leon County Sheriff Walter McNeil, Broward Sheriff's Office Detective Lisa Sokol, and Florida Department of Parole and Probation Officers Lawanda Warren and Juanita Lewis. The complaint sets forth the factual allegations that follow, the truth of which are accepted for purposes of this order.

Judge Allman issued a warrant for Plaintiff's arrest "without probable cause, nor support under oath." *Id.* at 5. The warrant was issued "on allegations alleged by Lawanda Warren, Juanita Lewis, and Lisa Sokol of the North Lauderdale, Broward Sheriff's Office, who used a[n] unauthorized license plate reader to track a vehicle tag belonging to Plaintiff." *Id.* at 6. Plaintiff was subsequently arrested in Miami, Florida pursuant to that warrant and sent to Leon County Detention Facility ("LCDF") in Tallahassee, Florida, where he was held by Leon County Sheriff Walter

---

cause and further ordered Plaintiff to be released. Plaintiff alleges that, nonetheless, he was transferred to Leon County Jail on a violation of probation warrant.

McNeil. Plaintiff alleges that the "Leon County Warrant Division did not have a warrant or transport order for Plaintiff." *Id.* After arriving at LCDF, Plaintiff filed a grievance addressed to classification and Sheriff McNeil. After Plaintiff failed to receive a response to that grievance, Plaintiff initiated this civil proceeding.

Based on the foregoing, Plaintiff alleges Defendants violated his Fourth and Fourteenth Amendment rights. As relief, he seeks five million dollars ($5,000,000) in compensatory damages.

## III.  LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *See Cooley v. Ocwen Loan Servicing, LLC,* 729 F. App'x 677, 680 (11th Cir. 2018). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Id.* at 681 (quoting *Clark v. Ga. Pardons & Paroles Bd.,* 915 F.2d 636, 639 (11th Cir. 1990)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure ("FRCP") 12(b)(6). *See Mitchell v. Farcass*, 112

F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal under this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV.  DISCUSSION

The crux of Plaintiff's complaint is that Judge Allman issued a warrant for Plaintiff's arrest that lacked probable cause and, as such, he was unlawfully imprisoned by Defendant Sheriff McNeil. However, as discussed more fully below, Plaintiff's claims against Judge Allman are subject to dismissal because Judge Allman is immune from liability under § 1983, and Plaintiff's claims against the other four (4) defendants are subject to dismissal because Plaintiff has failed to allege facts sufficient to demonstrate a claim against them under § 1983.

Additionally, because Plaintiff was previously advised of deficiencies in his initial complaint and first amended complaint and allowed to amend twice, the undersigned finds that a third amendment would be futile. *See Sirmans v. Williams*, 2009 WL 1788186, at *2 (N.D. Fla. June 22, 2009) ("[s]ufficient opportunities have

been provided to Plaintiff to make the allegations necessary, and no further chances should be extended").

    A.    **Judge Allman**

Plaintiff's claim against Judge Allman, in his official capacity, is subject to dismissal because Judge Allman is absolutely immune from liability for damages under § 1983. If a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under § 1983 *unless* he acts in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 355-357 (1978). In *Stump*, the United States Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983." *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir.1996) (citing *Stump*, 435 U.S. 349). "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity." *Simmons*, 86 F.3d at 1084-1085 (citations omitted). If so, the second part of the test considers "whether the judge acted in the 'clear absence of all jurisdiction.'" *Id.* (citations omitted).

Plaintiff sues Judge Allman in his official capacity as a Circuit Judge for issuing what Plaintiff alleges is an unlawful warrant for Plaintiff's arrest. *See* ECF Doc. 14 at 4-5. Thus, Judge Allman was clearly acting his in judicial capacity. Moreover, at no point does Plaintiff argue that Judge Allman had no jurisdiction over the issuance of the warrant; he simply disagrees with Judge Allman's decision.

Therefore, both prongs of the *Stump* test for judicial immunity have been met and any claims against Judge Allman must be dismissed. *See Harris v. Goderick*, 608 F. App'x 760, 763 (11th Cir. 2015) ("Judge Goderich was entitled to absolute judicial immunity because Harris alleged only that Judge Goderich mistakenly issued a warrant for his arrest"); *see also Clark v. Ga. State Pardons and Parole Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990) (finding that the absolute immunity of a defendant justifies dismissal under 28 U.S.C. § 1915).

    **B.**    **Defendant Sheriff McNeil**

Plaintiff's claim against Defendant Sheriff McNeil, in his official capacity, is also subject to dismissal because Sheriff McNeil's detention of Plaintiff was based on a facially valid arrest warrant.

A jailer is liable under § 1983 for the illegal detention of an inmate only "when he unreasonably detains the inmate for arraignment or release" or "possesses an affirmative knowledge of the illegality of the arrest." *Wood v. Worachek*, 618 F.2d 1225, 1231 (7th Cir. 1980). "[W]here a prisoner is held in jail without a court order or written mittimus, the jailer is liable for false imprisonment." *Whirl v. Kern*, 407 F.2d 781, 791 (5th Cir. 1968). However, "a jailer cannot be held liable for errors in a warrant of commitment fair and valid on its face." *Id.* Indeed, "[i]f the errors take place outside of [a jailer's] realm of responsibility, he cannot be found liable because he has acted reasonably and in good faith." *Bryan v. Jones*, 530 F.2d 1210, 1215

(5th Cir. 1976). Thus, detention effectuated pursuant to procedurally valid process, such as an arrest warrant, does *not* give rise to a claim of false imprisonment. *Henley v. Payne*, 945 F.3d 1320, 1330 (11th Cir. 2019) (finding plaintiff could not assert a claim of false imprisonment for any point after an arrest warrant against him was procured) (citing *Stanford v. City of Manchester*, 246 Ga. App. 129 (2000)).

Plaintiff alleges he was unlawfully confined as a result of a warrant that lacked probable cause. However, a warrant that lacks probable cause is not necessarily facially invalid such that reliance on it is unreasonable. *See United States v. Francis*, 2006 WL 8439175, at *6 (N.D. Ga. Feb. 6, 2006) (citing *United States v. Gonzalez*, 969 F.2d 999, 1004 n.4 (11th Cir. 1992)). Indeed, Plaintiff does not allege that the warrant was facially invalid, and he does not assert that Sheriff McNeil had any affirmative knowledge of any alleged illegality of his arrest or any basis to suspect that Plaintiff was arrested without probable cause. As such, Plaintiff has not pled any facts suggesting a constitutional violation on the part of Sheriff McNeil, his jailer, in connection with merely holding him in custody.

Although Plaintiff alleges he "filed [a] grievance to classification and Sheriff McNeil," ECF Doc. 14 at 6, he does not allege when he filed that single grievance, whether he followed up with that grievance, what information that grievance contained, or that Sheriff McNeil specifically knew of, and ignored, the grievance. Even assuming, *arguendo*, that the grievance raised the issue of unlawful

imprisonment, and Sheriff McNeil in fact knew of the grievance, that alone is insufficient to state an unlawful imprisonment claim against Sheriff McNeil. *See Williams v. Williams*, 2010 WL 2041608 (M.D. Ala. May 21, 2010) ("general complaints alone, without any substantiating documents from a court or other substantiating information, [do not] trigger an affirmative duty to investigate the veracity of a plaintiff's claim that he or she is entitled to release. To the contrary, … general complaints of wrongful incarceration are not enough").

Therefore, because Sheriff McNeil detained Plaintiff based on a facially valid warrant, Sheriff McNeil cannot be liable under § 1983 for Plaintiff's false imprisonment. Accordingly, Plaintiff's false imprisonment claim against Sheriff McNeil is due to be dismissed.

### C. Defendants Sokol, Warren, and Lewis

Finally, Plaintiff's claims against Defendants Sokol, Warren, and Lewis are also subject to dismissal because Plaintiff alleges only brief conclusory allegations against each of them, which are insufficient to state a claim under § 1983.

Although the pleading standard of Rule 8 "does not require detailed factual allegations," it still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. at 664. Further, the Court is "not

bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678.

The *only* factual allegation Plaintiff makes regarding Defendants Warren and Lewis is that the alleged faulty arrest warrant issued by Judge Allman was based "on allegations alleged by Lawanda Warren [and] Juanita Lewis." ECF Doc. 14 at 6. Plaintiff does not describe what was alleged. In fact, he does not even allege that the statements made by these defendants were false or how such allegations were supposedly unlawful. Thus, his assertion that a warrant was issued without probable cause based "on allegations" is a mere legal conclusion couched as a factual allegation and does not satisfy FRCP 8. *See id.*

Plaintiff also alleges the warrant was issued based on allegations alleged by Defendant Detective Sokol, "who used a[n] unauthorized license plate reader to track a vehicle tag belonging to Plaintiff." *Id.* However, Florida law allows criminal justice agencies – such as Broward Sheriff's Office, where Defendant Sokol is employed – to utilize license plate recognition systems and disclose information obtained from such "in the performance of [the agency's] official duties." Fla. Stat. § 316.0777(3)(a). Plaintiff has not alleged Defendant Sokol was acting outside the scope of her official duties in utilizing a license plate reader, and he does not explain why use of a license plate reader was "unauthorized" – indeed, he makes no further

allegations about Defendant Sokol whatsoever.  Thus, Plaintiff has failed to state a valid claim under § 1983 against Defendant Warren, Lewis, or Sokol.

## V.    CONCLUSION

Accordingly, it is respectfully RECOMMENDED that:

1. This action be DISMISSED under 28 U.S.C. § 1915(e)(2) because Plaintiff (1) fails to state a claim on which relief may be granted and (2) seeks monetary relief against a defendant who is immune from such relief.

2. The clerk be directed to close the file.

Done in Pensacola, Florida this 30th day of March, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.